\*\*E-Filed 3/16/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AERO PRODUCTS INTERNATIONAL, INC., *et al.*,<br><br>Defendants. | Case Number 5:10-cv-02994-JF/PSG<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND AND GRANTING MOTIONS TO SEVER AND TRANSFER<br><br>[Re: Docket Nos. 180, 187, 193, 203, 210, 233, 280, 285] |

Plaintiff San Francisco Technology, Inc. ("SF Tech") filed the instant action on July 8, 2010, alleging violation of the False Marking Statute, 35 U.S.C. § 292, by Defendants Aero Products International, Inc. ("Aero"), BP Lubricants USA, Inc. ("BP Lubricants"), BRK Brands, Inc. ("BRK"), Calico Brands, Inc. ("Calico"), Cooper Lighting LLC ("Cooper Lighting"), Darex LLC ("Darex"), Dexas International Ltd. ("Dexas"), Dyna-Gro Nutrition Solutions ("Dyna-Gro"), Fiskars Brands, Inc. ("Fiskars"), Global Concepts, Inc. ("Global Concepts"), Homax Products, Inc. ("Homax"), Kimberly-Clark Corporation ("Kimberly-Clark"), Kraco Enterprises

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-02994-JF/PSG
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND AND GRANTING MOTIONS TO
SEVER AND TRANSFER
(JFLC1)

LLC ("Kraco"), Lixit Corporation ("Lixit"), Mead Westvaco Corporation ("Mead Westvaco"), Nutrition 21, Inc. ("Nutrition 21"), Oatey Company ("Oatey), Optimum Technologies, Inc. ("Optimum"), Newell Rubbermaid, Inc. ("Newell Rubbermaid"), Schick Manufacturing, Inc. ("Schick"), The Scotts Company LLC ("Scotts"), Sterling International, Inc. ("Sterling"), Vitamin Power, Inc. ("Vitamin Power"), Woodstream Corporation ("Woodstream"), and 4-D Design, Inc. (4-D Design"). Eleven Defendants have been dismissed voluntarily, or the actions against them have been transferred to other venues.[2] Ten of the remaining Defendants move to dismiss SF Tech's claims.[3] Lixit and 4-D Design have made no appearance in this action. Vitamin Power has yet to answer the complaint and has no motions pending before the Court. Dyna-Gro filed an answer to the complaint on November 19, 2010,[4] and has no motions pending at this time. The Court heard oral argument on January 20, 2010. For the reasons discussed below, the motions to dismiss will be granted, with leave to amend. The unopposed motions to sever and transfer brought by Sterling, Cooper Lighting, and Nutrition 21 also will be granted.

## I. BACKGROUND

SF Tech is a Delaware corporation with its principal place of business in San Jose, California. Compl. ¶ 2. Defendants are wholly-unrelated companies that manufacture and sell

---

[2] These include Aero, BP Lubricants, Darex, Dexas, Global Concepts, Homax, Kimberly-Clark, Optimum, Newell Rubbermaid, Schick, and Scotts.

[3] These include Cooper Lighting, Mead Westvaco, Calico, BRK, Woodstream, Kraco, Nutrition 21, Sterling, Oatey, and Fiskars. The Court already has granted motions to dismiss brought by Oatey and Woodstream because SF Tech's claims against these Defendants are precluded by prior settlements reached in separate actions concerning the same patent markings at issue in the instant case. *See* Orders Granting Motions to Dismiss With Prejudice, Dkt. Nos. 415, 417. Although Kraco and BRK have been severed, they filed motions to dismiss in the instant action prior to the severance. Accordingly, this order will be filed in the instant action as well as *San Francisco Technology v. BRK Brands, Inc.* 11-cv-00354-JF/PSG and *San Francisco Technology v. Kraco Enterprises LLC* 11-cv-00355-JF/PSG. The Court notes that SF Tech failed to acknowledge BRK's motion to dismiss in its consolidated opposition. Opp. Br. at 1 n.1. However, it concludes that the motion should not be deemed unopposed, as it appears SF Tech intended to oppose all motions challenging the sufficiency of the complaint.

[4] Answer to Complaint With Jury Demand, Dkt. 375.

2

wholly-unrelated products. SF Tech alleges that each Defendant makes and sells products that have been marked with one or more expired patents. Specifically, it claims upon information and belief that Defendants have "marked [their] products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." *Id.* ¶¶ 69, 73, 80, 92, 100, 120, 124, 131, 136, 170, 177, 187. Additionally, it alleges that Defendants falsely marked these articles with intent to deceive the public. *Id.* SF Tech brings this action as a *qui tam* proceeding to recover civil fines on behalf of the United States Government.[5]

## II. STANDARD OF REVIEW

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

As the Supreme Court recently has clarified, a court must determine whether the well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has

---

[5] 35 U.S.C. § 292(b) authorizes a private individual to file *qui tam* civil action with damages to be shared equally by the plaintiff and the United States.

3

not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

### III. ANALYSIS

**A.      Constitutionality of *Qui Tam* Actions Under 35 U.S.C. § 292**

Calico, Fiskars, and Mead Westvaco argue in part that the instant action should be dismissed for lack of subject-matter jurisdiction because the False Marking Statute violates the Appointments and Take Care Clauses of the Constitution.[6]  They contend that 35 U.S.C. § 292(b) unconstitutionally permits relators to sue on behalf of the Government without appointment or pre-approval by the Executive Branch, thus violating the requirement of the Appointments Clause that "officers of the United States" be appointed by the President with the advice and consent of the Senate.  U.S. Const. art. II, § 2, cl. 2.  Likewise, they argue that § 292(b) undermines the President's obligation to "take Care that the Laws be faithfully executed" by  vesting Executive Branch power in a "self-appointed mercenary who answers to no one under the express language of the statute."  U.S. Const. art II, § 3; Defendant Mead Westvaco Reply to Brief of the United States of America Defending the Constitutionality of 35 U.S.C. § 292, Dkt. 395 at 3.  Additionally, Calico urges this Court to follow the recent decision of another district court finding the *qui tam* provision of 35 U.S.C. § 292 unconstitutional.  *See Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 WL 649998, at *6 (N.D. Ohio Feb. 23, 2011).

On December 6, 2010, the Court permitted the United States to intervene for the purpose of defending the constitutionality of 35 U.S.C. § 292.  Order Granting Motion for Certification

---

[6] In accordance with Fed. R. Civ. P. 5.1(a), Mead Westvaco has filed notice of its constitutional challenge with the Attorney General of the United States.   Defendant Mead Westvaco Corporation's Notice to the Attorney General of the United States, Dkt. 189.  Calico and Fiskars join in Mead Westvaco's argument.

4

and Leave to Intervene, Dkt. 389.  In response to the constitutional challenge, the Government argues that it retains an adequate measure of control over § 292(b) actions by virtue of its right to be notified of the filing of a *qui tam* complaint under 35 U.S.C. § 290; its right to intervene in *qui tam* litigation pursuant to Fed. R. Civ. P. 24(a)(2); and its right to veto a settlement pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), among other reasons.  Brief Defending the Constitutionality of 35 U.S.C. § 292, Dkt. 392 at 19.

A court need not "decide constitutional questions where other grounds are available and dispositive of the issues of the case." *See, e.g.*, *Northwest Austin Mun. Utility Dist. No. One v. Holder*, 129 S.Ct. 2504, 2506 (2009); *Hurd v. Hodge*, 334 U.S. 24, 31 (1948).  Because it concludes that each of SF Tech's claims is subject to dismissal on one or more other bases, the Court need not decide the constitutional issues presented here, at least at the present time.

**B.     Sufficiency of the Pleadings**

       **1.     Applicability of Fed. R. Civ. P. 9(b) to False Marking Claims**

Each of the moving Defendants argues that SF Tech has failed to allege fraud in accordance with the heightened pleading requirements of Fed. R. Civ. P. 9(b).  They assert correctly that proof of an "intent to deceive" is a required element of claims brought under § 292. *See Forest Group v. Bon Tool Co.*, 590 F. 3d 1295, 1300 (Fed. Cir. 2009) (indicating that a false marking claim has two elements: (1) the false marking of an unpatented article, and (2) intent to deceive the public).  The Federal Circuit has explained that intent to deceive exists when an individual acts with knowledge that "what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs., Inc. v. Invitrogen Corp.,* 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Moreover, it has held that, "[b]ecause [35 U.S.C. § 292] requires that the false mark be affixed and displayed 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false is required." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).  Based on these statutory interpretations, the moving Defendants maintain that false marking claims sound in fraud and thus are subject to greater scrutiny under Rule 9(b).

5

1    Subsequent to oral argument on the instant motions, the Federal Circuit confirmed that
2 false marking claims indeed are subject to Rule 9(b)'s particularity requirement. *In re BP*
3 *Lubricants USA, Inc.*, Case No. Misc. 2010-960, 2011 WL 873147, at *1 (Fed. Cir. March 15,
4 2011). The court held expressly that "[p]ermitting a false marking complaint to proceed without
5 meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for
6 claims that do little more than speculate that the defendant engaged in more than negligent
7 action." *Id.* at *2. Accordingly, this Court must determine whether SF Tech has met the
8 pleading requirements of Rule 9(b).

9    **2.    Whether SF Tech Has Alleged Fraud With Sufficient Particularity**

10   Rule 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting
11 fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The plaintiff must state "the
12 who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567
13 F.3d 1120, 1124 (9th Cir. 2009). The particularized pleading requirement of Rule 9(b) may be
14 relaxed when "the facts constituting the circumstances of the alleged fraud are peculiarly within
15 the defendant's knowledge or are readily obtainable by him." *Neubronner v. Milken*, 6 F.3d 666,
16 672 (9th Cir. 1993). However, "a plaintiff who makes allegations on information and belief
17 must state the factual basis for the belief." *Id.* (citing *Wool v. Tandem Computers Inc.*, 818 F.2d
18 1433, 1439 (9th Cir.1987); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th
19 Cir.1989); *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247-48 (2d
20 Cir.1987); *In re Worlds of Wonder Securities Litigation*, 694 F.Supp. 1427, 1433 (N.D.
21 Cal.1988)). Similarly, although Rule 9(b) permits knowledge and intent to be pled in general
22 terms, a plaintiff still must "allege sufficient underlying facts from which a court may reasonably
23 infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*,
24 575 F.3d 1312, 1327 (Fed. Cir. 2009).

25   SF Tech points to a recent decision from the Northern District of Illinois in which similar
26 allegations made by SF Tech were found sufficient under this heightened standard. *San*
27 *Francisco Technology, Inc. v. Sunstar Americas, Inc.*, No. 10 C 5000, 2011 WL 291168 (N.D.
28

6
Case No. 5:10-cv-02994-JF/PSG
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND AND GRANTING MOTIONS TO
SEVER AND TRANSFER
(JFLC1)

1  Ill. Jan. 27, 2011).  In *Sunstar*, the court held that Rule 9(b)'s "who, what, when, where, how"
2  test was met by SF Tech's identification of (1) the false marking actor; (2) the alleged false
3  marking itself; (3) the date of false marking; (4) the location of product distribution; and (5) the
4  method of falsely marking products with expired patents.  *Id.*

5  However, even if such allegations were sufficient with respect to the existence of false
6  marking here, they fail to show that the moving Defendants acted with the requisite intent to
7  deceive.  SF Tech argues that it can satisfy its burden with respect to intent simply by alleging
8  facts showing that the moving Defendants lacked a reasonable belief that the articles in question
9  were covered by a non-expired patent.  Indeed, it has alleged that Defendants chose to mark their
10 products falsely each time expired patents were included on new packaging.  Compl. ¶¶ 69, 73,
11 80, 92, 100, 120, 124, 131, 136, 170, 177, 187.  Likewise, SF Tech claims in its opposition brief
12 that Defendants are sophisticated business entities who are knowledgeable with respect to the
13 limited duration of patents; however, *BP Lubricants* expressly rejects the notion that a relator
14 may plead knowledge merely by asserting that the defendant should have known that a patent
15 has expired.  2011 WL 873147, at *4.  The court explained that "[i]ntent to deceive, while
16 subjective in nature, is established in law by objective criteria."  *Id.* at *3 (quoting *Clontech,* 406
17 F.3d at 1352).

18 The instant complaint fails to allege that Defendants knew that the patents at issue had
19 expired.   Its barebones allegations state only that Defendants had "knowledge that nothing is
20 protected by an expired patent" and that Defendants "falsely marked [their] products with intent
21 to deceive the public."  Compl. ¶¶ 69, 73, 80, 92, 100, 120, 124, 131, 136, 170, 177, 187.  The
22 complaint does not set forth the factual basis upon which these conclusory allegations are
23 premised.

24 At oral argument, SF Tech nonetheless claimed that its allegations should suffice because
25 only a manufacturer or whistleblower truly knows the intent behind such markings.  However,
26 there are several ways in which intent may be alleged without requiring relators to plead facts
27 that are solely within the knowledge of defendants.  For example, a relator could allege that a
28

7

defendant has leveraged its patent through public advertising in an attempt to influence consumers or knowingly has asserted its expired patents against competitors. *See also BP Lubricants*, 2011 WL 873147, at *4 (pointing to arguments made by the United States as amicus curiae which urged the Court to require more specificity in allegations of intent). At most, SF Tech's current allegations suggest that Defendants may have been negligent in keeping products with expired patents on the shelf.

## C.   Individual Bases for Dismissal

### 1.   Calico

Calico asserts that its products cannot be considered "unpatented" within the meaning of 35 U.S.C. § 292 because the products at issue are covered by both expired and unexpired patents. However, pursuant to Federal Circuit authority, the term "unpatented article" refers to an article that, "is not covered by at least one claim of each patent with which the article is marked." *Clontech,* 406 F.3d at 1352. Calico attempts to distinguish *Clontech* by arguing that the products involved there were not covered by *any* patent. Nevertheless, several courts have adopted a broader reading of *Clontech*, and this Court finds their opinions persuasive. *See, e.g., Simonian v. Allergan, Inc.*, No. 10 C 02414, 2010 WL 5175017, at *4 (N.D. Ill. Nov 30, 2010); *Advanced Cartridge Techs. LLC v. Lexmark Int'l, Inc.*, No. 8:10-cv-486, 2010 WL3222100, at *1 (M.D. Fla. Aug. 16, 2010).

### 2.   Fiskars

Fiskars seeks dismissal with prejudice of all claims in ¶¶ 95, 97-99 of the complaint because the products listed therein in fact are covered in part by a patent[7] that is at issue in an earlier-filed false marking action in the Northern District of Illinois. *See Simonian v. Fiskars Brands*, *Inc*., No.1:10-cv-01225, filed Feb. 23, 2010. Pursuant to Fed. R. Civ. P. 12(b)(1), Fiskars argues that SF Tech lacks standing to assert false marking claims as to the '122 Patent because these claims already have been assigned to the *qui tam* plaintiff in *Simonian*. SF Tech voluntarily dismissed all claims as to the '122 Patent without prejudice on October 28, 2010.

---

[7] U.S. Patent No. 4,715,122, hereinafter referred to as the "'122 Patent."

8

Notice of Voluntary Partial Dismissal Without Prejudice of Defendant Fiskars Brands, Inc., Dkt. 334. However, it specifically preserved all of its remaining claims against Fiskars. *Id.*

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*. When considering a factual attack, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *Id.*

Review of the *Simonian* complaint confirms that false marking claims as to the '122 Patent have been asserted. Because the products listed in ¶¶ 95, 97-99 of SF Tech's complaint are covered in part by the '122 Patent, the Court concludes that the claims asserted therein are within the scope of those alleged in *Simonian* and that SF Tech lacks standing to bring these claims on behalf of the Government.[8]

**D.   Motions to Sever and Transfer**

Should the Court decide that dismissal with prejudice is inappropriate, Sterling has requested that all claims brought against it by SF Tech be severed. Likewise, Cooper Lighting and Nutrition 21 have requested in the alternative that the claims against them be transferred. SF Tech has filed a statement of non-opposition to all motions for severance and transfer.[9] Accordingly, the motions will be granted.

## IV. ORDER

Because SF Tech has failed to allege its claims with sufficient particularity, the motions

---

[8] This decision is in line with the Court's determination that the claims brought against Woodstream and Oatey are precluded despite the fact that SF Tech was the first to file a false marking action as to the patents addressed by the respective settlements. In those instances, the Government's acceptance of a settlement payment in the later-filed actions barred any further attempt to seek false marking damages as to the relevant patents.

[9] Plaintiff's Statement of Non-Opposition to Motions Seeking Severance and Transfer of Venue, Dkt. 339.

to dismiss will be GRANTED, WITH LEAVE TO AMEND.  All claims against Fiskars based upon the '122 Patent are DISMISSED WITH PREJUDICE.  Sterling's motion to sever, Cooper Lighting's motion to transfer venue to the Northern District of Georgia, and Nutrition 21's motion to sever and transfer venue to the Southern District of New York are GRANTED.  The Court has not considered the parties' request for judicial notice in reaching the conclusions herein.  Any amended pleading shall be filed within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

DATED: March 16, 2011

_____
JEREMY FOGEL
United States District Judge